EVAN FINKEL (SBN 100673)
evan.finkel@pillsburylaw.com
MICHAEL S. HORIKAWA (SBN 267014)
michael.horikawa@pillsburylaw.com
CHAZ M. HALES (SBN 324321)
chaz.hales@pillsburylaw.com
CHLOE STEPNEY (SBN 334013)
chloe.stepney@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, 36th Floor
Los Angeles, CA 90017
Telephone:  213.488.7100
Facsimile:  213.629.1033

CALLIE A. BJURSTROM (SBN 137816)
callie.bjurstrom@pillsburylaw.com
MICHELLE A. HERRERA (SBN 209842)
michelle.herrera@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
11682 El Camino Real, Suite 200
San Diego, CA  92130
Telephone:  619.544.3107
Facsimile:  619.236.1995

Attorneys for Plaintiff
MICROVENTION, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MICROVENTION, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>BALT USA, LLC, a Delaware Limited Liability Company; DAVID FERRERA; NGUYEN "JAKE" LE; YOSHITAKA KATAYAMA; STEPHANIE GONG; AND MICHELLE TRAN,<br><br>　　　　　Defendants. | Case No. 8:20-cv-02400-JLS-KES<br><br>PLAINTIFF MICROVENTION, INC.'S EX PARTE APPLICATION TO MODIFY THE SCHEDULING ORDER TO ALLOW FOR THE COMPLETION OF OUTSTANDING DISCOVERY AND EXPERT REPORTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE SAME |

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Local Rule 7-19 and the Judge's Procedures of the Hon. Josephine L. Staton, Plaintiff MicroVention, Inc. ("MVI" or "Plaintiff") hereby files this Ex Parte Application to Modify the Scheduling Order to Allow for the Completion of Outstanding Discovery and Expert Reports.  MVI requests a modest extension of the dates set forth in the operative Scheduling Order (Dkt. 144).  The is the second request for a modification of the Scheduling Order, the first being made by way of a Joint Stipulation filed by the parties on April 8, 2022 (Dkt. 139), and granted on April 15, 2022 (Dkt. 144).

This motion is made on the grounds that unexpected and significant delays have prevented MVI from completing the discovery necessary to prepare this case for trial.  Relief is sought on an ex parte basis because (1) the current discovery cut-off is November 18, 2022, and there is insufficient time to seek relief through a regularly noticed motion (*see Mikell v. Baxter Healthcare Corp.*, No. CV1307611MMMPJWX, 2014 WL 12588640, at *6 (C.D. Cal. Sept. 16, 2014)), and (2) Defendants refuse to stipulate to a modest extension of the discovery and other pretrial deadlines.  MVI requests that the Court extend the dates in the Scheduling Order as follows:

| Event | Existing Date | Proposed New Date |
| --- | --- | --- |
| Fact Discovery Cutoff | November 18, 2022 | February 17, 2023 |
| Last Day to Serve Initial Expert Reports | December 16, 2022 | March 17, 2023 |
| Last Day to Serve Rebuttal Expert Reports | January 13, 2023 | April 14, 2023 |
| Last Day to File Motions (Excluding Daubert Motions and all other Motions in Limine) | February 17, 2023 | March 17, 2023 |
| Expert Discovery Cutoff | February 10, 2023 | May 12, 2023 |

| Last Day to Conduct Settlement Proceedings | March 3, 2023 | June 2, 2023 |
| Last Day to File Daubert Motions | March 24, 2023 | May 26, 2023 |
| Last Day to File Other Motions in Limine (Excluding Daubert Motions) | April 28, 2023 | July 7, 2023 |
| Final Pretrial Conference (10:30 a.m.) | May 19, 2023 | August 4, 2023 |

This Application is made and based on the accompanying Memorandum of Points and Authorities, the Declaration of Michelle A. Herrera and the attached exhibits, and the pleadings, records, and files herein and such other and further documentary, demonstrative and oral evidence as may be requested or permitted by the Court.

In accordance with Civil Local Rule 7-19.1, MicroVention advised counsel for Defendants by telephone of the date and substance of this ex parte application, and that any opposition to the ex parte application must be filed within 24 hours after service of the same. (Declaration of Michelle A. Herrera, ¶¶ 3-4, and **Exhibit 1**.) Defendants oppose this ex parte application. *Id*., ¶¶ 2-3.

The contact information for counsel for Defendants is as follows:

**Defendant Balt USA, LLC**

Sheila N Swaroop
Paul A. Stewart
Knobbe Martens Olson and Bear LLP
2040 Main Street 14th Floor
Irvine, CA 92614
949-760-0404
Fax: 949-760-9502
Email: sheila.swaroop@knobbe.com; paul.stewart@knobbe.com

**<u>Defendants David Ferrera, Nguyen "Jake" Le and Michelle Tran</u>**

Mark A. Finkelstein
Molly J. Magnuson
Umberg Zipser LLP
1920 Main Street, Suite 750
Irvine, CA 92614
949-679-0052
Fax: 949-679-0461
Email: mfinkelstein@umbergzipser.com; mmagnuson@umbergzipser.com

Dated:  October 18, 2022

                                        EVAN FINKEL
                                        CALLIE A. BJURSTROM
                                        MICHELLE A. HERRERA
                                        MICHAEL S. HORIKAWA
                                        CHAZ M. HALES
                                        CHLOE STEPNEY
                                        PILLSBURY WINTHROP SHAW PITTMAN LLP

                                        By:_____/s/ Callie A. Bjurstrom_____
                                              Callie A. Bjurstrom
                                        Attorneys for Plaintiff MICROVENTION, INC.

EX PARTE APPLICATION AND MEMORANDUM OF POINTS AND AUTHORITIES
Case No. 8:20-cv-02400-JLS-KES

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

The original Scheduling Order, issued on May 3, 2021, set a fact discovery cut-off deadline of July 1, 2022.  (Dkt. 52.)  On April 8, 2022, the parties filed a Joint Stipulation to Modify the Pretrial Scheduling Order, which the Court granted on April 15, 2022.  (Dkts. 139, 144.)  The Court continued fact discovery cut-off to November 18, 2022, and all other pretrial dates commensurately.  (Dkt. 144.)

Despite diligent efforts that are described in more detail below and in the accompanying Declaration of Michelle A. Herrera, MVI has been hamstrung in its efforts to conduct discovery in ways it could not have foreseen at the time the Court granted an initial extension of the pretrial dates, and is unable to complete discovery by November 18, 2022.  MVI requests a further yet modest modification of the Scheduling Order to complete outstanding discovery, conduct additional discovery that may be warranted once the outstanding discovery has been completed, prepare its expert reports and prepare this case for trial.

## II.   GOOD CAUSE EXISTS TO EXTEND FACT DISCOVERY CUT-OFF, EXPERT REPORTS AND RELATED PRETRIAL DATES

Federal Rule of Civil Procedure 16(b)(4) provides that a "schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  A formal motion is not necessary. Adv. Comm. Notes to 1983 Amendment to FRCP 16(b).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' [citation omitted.]"  *Id*.  "[T]he focus of the inquiry is upon the moving party's reasons for seeking modification."  *Id*.  *See also Sepulveda v. City of Whittier*, No. LACV1704457JAKKSX, 2018 WL 11360438, at *5 (C.D. Cal. July 9, 2018) (finding good cause to modify scheduling order where delays were caused in part by defendants'

1   conduct); *Mikell v. Baxter Healthcare Corp.*, No. CV 13-07611 MMM (PJWx), 2014

2   WL 12588640, at *7-8 (C.D. Cal. Sept. 16, 2014) (modification of scheduling order

3   warranted where plaintiff timely served discovery requests but responsive information

4   remained outstanding).

5        Here, three circumstances establish good cause to modify the Scheduling Order.

6   ***First***, MVI has encountered significant delays in obtaining Defendants' electronically

7   stored information ("ESI").  (*See* Herrera Decl., ¶¶ 7-11.)  Defendants did not even

8   begin their ESI productions until August 2022, and did not complete their ESI

9   production until mid-September 2022.  (*Id*., ¶¶ 8-9.)  MVI began its review immediately

10   and it is ongoing.  However, given the amount of ESI produced (*see id*.), MVI is unable

11   to complete its review by the current discovery cut-off date of November 18, 2022.  ESI

12   is critical in this case; the documents MVI has reviewed to date reveal that Defendants

13   have blatantly copied an abundance of MVI's confidential and proprietary design

14   specifications, manufacturing specifications, test methods and parts drawings, just to

15   name a few, and are using the same to develop competitive knock-off medical device

16   products for Balt resulting in substantial harm to MVI.  (*Id*., ¶ 10.)  MVI needs a modest

17   amount of additional time to complete its ESI review and to assess the nature and extent

18   of the use of MVI proprietary technical and other highly confidential documents by

19   Defendants.  (*Id*., ¶11.)  A fulsome review is necessary in order for MVI to take

20   meaningful depositions in this case, and that review may reveal the need for additional

21   discovery to ascertain the full depth and scope of Defendants' trade secret

22   misappropriation.  (*Id*.)

23        ***Second***, MVI has encountered significant delays in completing the forensic

24   examination of the images of thirteen Balt-owned laptops that MVI believes contain

25   crucial evidence of Defendants' copying, use and dissemination of MVI's trade secrets.

26   (*Id*., ¶¶ 12-23.)  The parties retained a neutral forensic examiner to undertake this work

27   in March 2022, but the process has proven to be an exceptionally slow-moving train.

28   As but one example, it took nearly four months to complete the forensic analysis and

reports for a Balt-owned laptop used by Defendant Jake Le after it was initially imaged. (*Id*., ¶¶ 15-18.) As for the Balt-owned laptop used by Defendant David Ferrera, the initial report was only just provided to Balt on October 7, 2022, and has yet to be provided to MVI given the privilege screening required before it is turned over to MVI. (*Id*., ¶ 18.) MVI and its independently retained forensic expert must have access to the complete forensic reports for all electronic devices that have been imaged in order to conduct fulsome depositions of Balt and the Individual Defendants on all topics and to prepare expert reports. The forensic reports are critical to demonstrating the location and extent of the access and use of MVI trade secrets and other confidential information by Balt and the Individual Defendants. Additionally, once completed those reports may reveal the need for follow-up information to identify additional locations where Balt and the Individual Defendants have stored MVI documents. (*Id*., ¶ 19.)

**Third**, a new issue has arisen regarding spoliation of evidence by Balt. Balt failed to retain encryption keys for two critical Balt-owned laptops – those used by Defendant Michelle Tran and former Defendant Yoshitaka Katayama – and those laptops have therefore not yet been forensically processed or analyzed. (*Id*., ¶¶ 24-26.) MVI has served discovery to uncover what happened to the encryption keys and to determine whether the evidence residing on these laptops is irretrievably lost. The Rule 30(b)(6) deposition of Balt on this and other technology-related issues is scheduled for October 20, 2022 with the goal of uncovering the encryption keys so that the neutral forensic examiner can image and analyze these devices.. The requested extension of the discovery cut-off deadline is necessary to allow MVI to effectively make use of this information, including the forensic analysis of Tran's laptop (if it can be unlocked) and/or exploring any alternate sources of the same or similar data (*e.g.*, backups of Tran's laptop or network locations). (*Id*., ¶ 26.)

As a final comment, discovery in this case been painstakingly slow through no fault of MVI. MVI has had to fight tooth and nail at every turn to obtain discovery from Defendants that MVI is entitled to and that it needs to prepare this case for trial. MVI

6

has had to file ***11 separate discovery motions*** before Magistrate Judge Scott over the past year.  (*Id*., ¶ 27.)  Judge Scott has commented on more than one occasion that a discovery extension may likely be needed in view of the significant and repeated delays in connection with the discovery process.  (*See* Herrera Decl., **Exhibits 2, pp. 6-7** ("[T]hat process [ESI discovery] is clearly taking longer than the parties might have anticipated when they initially made estimates to the district judge as to how long they were going to need to complete discovery."); **Exhibit 3, p. 70** ("Good cause generally means that despite reasonable diligence, the parties have been unable to complete their appropriate discovery within the established timeframes, [and] some of the facts you were describing here could certainly be presented to the district judge . . . .").)

MVI submits that considering the totality of the circumstances, good cause exists for its modest request for an extension of the discovery cut-off deadline and other pretrial dates as described herein.  Defendants have articulated no burden or prejudice associated with MVI's requested extension, only a flat refusal to stipulate to any extension at all.  It appears to MVI that Defendants are attempting to capitalize on the pattern of obstinance and delay they have engaged in throughout the discovery process to deny MVI the discovery it needs.  Given the enormity of the theft of MVI trade secrets by Defendants in this case, discovery helps MVI and hurts Defendants.  The Federal Rules of Civil Procedure promote cooperation and diligence in discovery, not gamesmanship.  Defendants' efforts to run out the clock on MVI by dragging out their compliance with discovery in this case should not be tolerated.

## III.   CONCLUSION

For the reasons stated above, MVI respectfully requests the Court grant its Ex Parte Application and issue a revised Scheduling Order consistent with the dates proposed by MVI.

1   Dated:  October 18, 2022

2                                      EVAN FINKEL
                                       CALLIE A. BJURSTROM
3                                      MICHELLE A. HERRERA
                                       MICHAEL S. HORIKAWA
4                                      CHAZ M. HALES
                                       CHLOE STEPNEY
5                                      PILLSBURY WINTHROP SHAW PITTMAN LLP

6

7                                      By:_____/s/ Callie A. Bjurstrom_____
                                               Callie A. Bjurstrom
8                                      Attorneys for Plaintiff MICROVENTION, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EX PARTE APPLICATION AND MEMORANDUM OF POINTS AND AUTHORITIES
4889-0065-7210                                          Case No. 8:20-cv-02400-JLS-KES