UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROVENTION, INC., <br><br> Plaintiff, <br><br> v. <br><br> BALT USA, LLC, et al., <br><br> Defendants. | Case No. 8:20-cv-02400-JLS-KES <br><br> ORDER ACCEPTING REPORTS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and all the records and files herein, along with the Reports and Recommendations of the United States Magistrate Judge (Dkt. 746, 747). Further, the Court has engaged in a de novo review of those portions of the Reports and Recommendations to which objections (Dkt. 761, 763, 764, 765) have been made. With one exception the Court accepts the findings, conclusions, and recommendations of the United States Magistrate Judge.

    Specifically, after review of the record, the Court accepts the Magistrate Judge's factual findings regarding Defendant Le's unexplained, inconsistent representations regarding his possession and disposition of the Lenovo and Surface

Go laptops, but concludes that the evidence supports a finding by at least a preponderance of the evidence that Le failed to retain the Lenovo and Surface Go Laptops with the intent to deprive MVI of ESI for use in the litigation. In the present circumstances, where Le has had abundant opportunity to present evidence on the issue in the context of a pretrial motion, there is no reason to place that issue before the jury for determination.

IT IS THEREFORE ORDERED that:

(1) MVI's first motion for sanctions (Dkt. 386) is **granted**.

(2) MVI shall be allowed to present evidence to the jury concerning the loss and likely relevance of the information on the Tran and Katayama laptops, and the Court shall instruct the jury that it may consider that evidence, along with all the other evidence in the case, in making its decision.[1]

(3) Balt is precluded from arguing at trial that the lack of evidence from the Tran and Katayama laptops is proof that (a) Tran and Katayama took no documents from MVI, or (b) any documents Tran and Katayama took from MVI were not used by Balt.

(4) Balt and Balt's former counsel are jointly and severally liable for the reasonable expenses MVI incurred in bringing the motion for sanctions (Dkt. 386), including attorney's fees and expert fees. **Within fourteen (14)** days of this order, MVI shall file a status report advising the Court whether, after meeting and conferring with former and current counsel for Balt, the parties agree on the reasonable amount of expenses MVI incurred in bringing the motion. If they cannot reach agreement, MVI shall be allowed to submit evidence of such to the

---

[1] The parties will submit specific proposed language for the jury instructions discussed in this order pursuant to the Court's trial preparation procedures.

Magistrate Judge.

(5) MVI's second motion for sanctions (Dkt. 522, 526) is **granted**.

(6) The jury shall be instructed to presume that the electronically stored information ("ESI") Le deleted from Hard Drive 7 and Hard Drive 3 and that he failed to retain on the Lenovo and Surface Go Laptops was unfavorable to Le and Balt.

(7) The jury shall be instructed that: (a) the jury should decide if Le reinstalled or upgraded the OS on the Surface 7 Laptop, and (b) if so, the jury should presume any ESI on those devices was unfavorable to Le and Balt.

(8) Le and Balt are jointly and severally liable for the reasonable expenses MVI incurred in bringing the motion (Dkt. 522, 526). **Within fourteen (14)** days of this order, MVI shall file a status report advising the Court whether, after meeting and conferring with counsel for Le and Balt, the parties agree on the reasonable amount of expenses MVI incurred in bringing the instant motion. If they cannot reach agreement, MVI shall be allowed to submit evidence of such to the Magistrate Judge.

DATED: November 13, 2023

_____
JOSEPHINE L. STATON
UNITED STATES DISTRICT JUDGE